# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

TIMOTHY RAY BELVIN, )
        Petitioner, )
v. ) Case No. CIV 10-145-RAW-KEW
MIKE ADDISON, Warden, )
        Respondent. )

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his conviction in Bryan County District Court Case No. CF-2004-509 for Child Sexual Abuse (Count 3), Procuring a Child for Acts Involving Pornography and/or Sexual Gratification (Counts 5 and 6), Child Sexual Exploitation (Count 7), Lewd Molestation (Count 8), and Lewd Acts as to a Child Under Sixteen (Count 11). He sets forth the following grounds for relief:

    I.    Petitioner was denied due process and equal protection of the law under the Fourteenth Amendment where the state courts failed to dismiss Counts 3 and 8, as these alleged offenses were barred by Oklahoma's statute of limitations.

    II.    The evidence was so insufficient to sustain a conviction in Count 8, Lewd Molestation, as to deny petitioner due process under the Fourteenth Amendment.

    III.    Petitioner was denied the effective assistance of counsel. Trial counsel was ineffective for (1) advising petitioner to waive his right to a trial by jury, (2) failing to file motions to dismiss specific counts based upon expiration of the statute of limitations, and (3) failing to secure the written recantation of State's witness E.P.

    IV.    Petitioner's sentences of life imprisonment in Counts 3 and 7 are excessive, in violation of the Eighth Amendment.

The respondent concedes that petitioner has exhausted his state court remedies for the purpose of federal habeas corpus review and has submitted the following records to the court

for consideration in this matter:

    A.    Petitioner's direct appeal brief.

    B.    The State's brief in petitioner's direct appeal.

    C.    Summary Opinion affirming petitioner's judgment and sentence on Counts 3, 5, 6, 7, 8, and 11 and reversing Count 12. *Belvin v. State*, No. F-2008-229 (Okla. Crim. App. Jan. 13, 2009).

    D.    Order Affirming Denial of Post-Conviction Relief. *Belvin v. State*, No. PC-2009-1008 (Okla. Crim. App. Feb. 12, 2010).

    E.    Transcript of petitioner's non-jury trial held on August 24, 2005.

    F.    Transcript of hearing on petitioner's motion for new trial held on July 13, 2006.

    G.    Original Record in Case No. F-2008-229.

**Ground I: Statute of Limitations**

Petitioner alleges Count 3 (Child Sexual Abuse) and Count 8 (Lewd Molestation) of his charges were barred by the applicable statutes of limitations. With respect to Count 3, he claims the statute of limitations was three years. He argues that because E.P. testified that some of petitioner's abuse of him occurred when E.P. was 12 years old in 1999, and the Second Amended Information alleged a range of dates between 1999 and 2004, the statute of limitations ran on those claims in 2002. On direct appeal, however, the Oklahoma Court of Criminal Appeals (OCCA) denied relief:

> . . . [W]e find that because there was evidence presented at trial that Appellant committed some of the acts charged in Count (3) after the effective date of the amended statute of limitations in Okla. Stat. tit. 22, § 152(C), the State was not barred from prosecuting this offense and accordingly, Appellant's conviction for this crime will not be disturbed.

*Belvin v. State*, No. F-2008-229, slip op. at 2 (Okla. Crim. App. Jan. 13, 2009).

The statute of limitations for Child Sexual Abuse in violation of Okla. Stat. tit, 10, § 7115(E) (Supp. 2002), was three years for crimes that occurred before November 1, 2000. Okla. Stat. tit. 22, § 152(F). On November 1, 2000, § 152 was amended to increase the statute of limitations for Child Sexual Abuse to seven years from discovery of the crime. *See*

2

*Cox v. State*, 152 P.3d 244, 249 (Okla. Crim. App. 2006).

E.P., the victim of Child Sexual Abuse in violation of Okla. Stat. tit. 10, § 7115(E) in Count 3, was 18 years old at the time of trial.[1] (Tr. 57). He testified that the abuse by petitioner, his step-father, began when he was about 12 years old, and it also occurred when he was in the eighth grade, going into the ninth. (Tr. 58-60, 65). The respondent asserts that, assuming a normal progression in school, E.P. would have been 14 years old at the end of the eighth grade and the beginning of the ninth in 2001. An Information could have been filed up to seven years for the crimes occurring after the November 1, 2000, § 152, amendment. This criminal case was initiated in 2004, well within the amended limitations period.

As for Count 8, the State charged petitioner with the Lewd Molestation of his niece K.S. in violation of Okla. Stat. tit. 21, § 1123, and occurring from 1996 to 1997. Petitioner alleges that when the crime occurred, the statue of limitations under Okla. Stat. tit. 22, § 152 was five years within discovery of the crime. Petitioner apparently is arguing that "discovery" has the same meaning as "occurrence." The OCCA denied relief on this claim:

> . . . [T]he statute of limitations in effect at the time of the crime was five years but this was from the discovery of the crime, not five years from the commission of the crime. Okla. Stat. tit. 22, § 152 (1997 Supp.). Thus, Appellant's argument that the prosecution for this crime occurred longer than five years after the crime was committed does not require relief."

*Belvin*, No. F-2008, slip op. at 3.

In Oklahoma, "the statute of limitations begins to run and the offense has been 'discovered' for purposes of Sections 152(A) and (C) when any person (including the victim) other than the wrongdoer or someone in pari delicto with the wrongdoer has knowledge of both (I) the act and (ii) its criminal nature." *State v. Day*, 882 P.2d 1096, 1098 (Okla. Crim. App. 1994). K.S. testified that when she was about ten years old,[2] she was lying

---

[1] E.P. testified his birthdate was May 6, 1987. (Tr. 84).

[2] K.S. testified her birthdate was June 5, 1990. (Tr. 13).

on the couch in petitioner's home, when petitioner lay down next to her and began running a back massager on her legs and by her vaginal area, making her feel uncomfortable. (Tr. 13-16). She testified it was not unusual for petitioner to use the massager on her, and everyone in the family used it. (Tr. 41). No evidence indicated K.S. knew petitioner's actions that made her feel uncomfortable were criminal in nature. The respondent maintains the criminality of the acts in Count 8 was not discovered until 2004. Therefore, petitioner's prosecution for that crime was not barred by the statute of limitations.

The respondent further alleges that petitioner's claims regarding the statute of limitations are state law claims that are not cognizable on habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). This court is "bound to accept the Oklahoma court's construction of its state statutes . . . ." *Dennis v. Poppel*, 222 F.3d 1245, 1257 (citations omitted) (10th Cir. 2000), *cert. denied*, 534 U.S. 887 (2001). Here, the court finds petitioner has failed to present an argument supporting federal habeas relief for Ground I.

**Ground II: Insufficient Evidence**

Petitioner alleges the evidence was insufficient to support his conviction in Ground 8 for the Lewd Molestation of K.S. He asserts he was fully clothed when he lay down next to K.S. on the couch. He admits he used a back massager on her legs, but he never touched her vaginal area with the massager or his body, and there was no evidence he became aroused. He also claims he never asked K.S. if she was enjoying the massage, and K.S. did not report the incident. Other people in the household used the massager, and it was not unusual for it to be used in the living room. On direct appeal the OCCA found no relief was required, "as the evidence presented at trial was sufficient to support, beyond a reasonable doubt, Appellant's conviction on Count [8]." *Belvin*, No. F-2008-220, slip op. at 3.

4

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"Sufficiency of the evidence can be considered to be a mixed question of law and fact." *Case v. Mondagon*, 887 F. 2d 1388, 1392 (10th Cir. 1989), *cert. denied*, 494 U.S. 1035 (1990). In federal habeas review of a state court conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

The Supreme Court repeatedly has emphasized the deference the reviewing court owes to the trier of fact and "the sharply limited nature of constitutional sufficiency review." *Wright v. West*, 505 U.S. 277, 296 (1992) (citing *Jackson*, 443 U.S. at 319). "[A] federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume--even if it does not affirmatively appear in the record--that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *Jackson*, 443 U.S. at 326. The court must "accept the jury's resolution of the evidence as long as it is within the bounds of reason." *Grubbs v. Hannigan*, 982 F.2d 1483, 1487 (10th Cir. 1993) (citing *United States v. Edmondson*, 962 F.2d 1535, 1548 (10th Cir. 1992)). "To be sufficient, the evidence supporting the conviction must be substantial; that is, it must do more than raise a mere suspicion of guilt." *Beachum v. Tansy*, 903 F.2d 1321, 1332 (10th Cir.), *cert. denied*, 498 U.S. 904 (1990) (citing *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987)).

To determine whether there was sufficient evidence presented at trial to sustain

5

petitioner's conviction, the court first must look to Oklahoma law for the elements required for the crime. *Jackson*, 443 U.S. at 324 n.16; *see also Torres v. Mullin*, 317 F.3d 1145, 1152 (10th Cir.), *cert. denied*, 540 U.S. 1035 (2003). The applicable statute required the State to prove beyond a reasonable doubt that petitioner knowingly and intentionally looked upon, touched, mauled or felt the body or private parts of a child under sixteen (16) years of age in any lewd or lascivious manner by any acts against public decency or morality, as defined by law. Okla. Stat. tit. 21, § 1123(A)(2) (1992). "The words 'lewd' and 'lascivious' have the same meaning and signify conduct which is lustful and which evinces an eagerness for sexual indulgence." (Instruction No. 4-129, OUJI-CR(2d)).

As set forth in Ground I, the victim's testimony was that she was under the age of 16 years when petitioner touched her genital area with a vibrator in a lewd or lascivious manner. Petitioner denies he touched that part of her body or that he was aroused by using the vibrator on K.S. Examining the evidence in the light most favorable to the prosecution, this court finds "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319.

After careful review, the court finds that the OCCA's determination of this claim was not contrary to, or an unreasonable application of federal law, and the decision was not based on an unreasonable determination of the facts presented in the state court proceeding. 28 U.S.C. § 2254(d). Ground II fails.

**Ground III: Ineffective Assistance of Trial Counsel**

Petitioner next complains that his attorney was ineffective in (1) failing to file motions to dismiss specific counts based upon expiration of the statute of limitations, (2) advising him to waive his right to a trial by jury, and (3) failing to secure the written recantation of the State's witness E.P. The OCCA found petitioner "was not denied his constitutional right to the effective assistance of counsel." *Belvin*, No. F-2008-229, slip op. at 3-4 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Davis v. State*, 123 P.3d 243, 246 (Okla. Crim. App. 2005).

6

"There is a strong presumption that counsel provided effective assistance of counsel and petitioner has the burden of proof to overcome that presumption." *United States v. Rantz*, 862 F.2d 808, 810 (10th Cir. 1988) (citing *United States v. Cronic*, 466 U.S. 648, 658 (1984)), *cert. denied*, 489 U.S. 1089 (1989). In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth the two-part test for determining the validity of a habeas petitioner's claim of ineffective assistance of counsel. The test requires a showing that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id*. at 687. The *Strickland* test also applies to appellate counsel. *Evitt v. Lucey*, 469 U.S. 387, 393-400 (1985).

### *Statute of Limitations*

Petitioner complains his trial counsel should have raised the issue of the statute of limitations regarding Counts 3 and 8. As discussed above in Ground I, there is no merit to the claim, so a motion to dismiss Count 3 and 8, based on the statue of limitations would have been denied. Failure to present a meritless argument does not constitute ineffective assistance of counsel. *Martin v. Kaiser*, 907 F.2d 931, 936 (10th Cir. 1990) (citing *Strickland*, 466 at 691-96).

### *Waiver of Right to Jury Trial*

Petitioner claims his trial counsel was ineffective in advising him to waive his right to a jury trial, and his waiver was not entered knowingly and voluntarily. The record shows that on April 6, 2005, petitioner, his attorney, and the Bryan County District Court judge signed a Waiver of Trial by Jury in Case No. CF-2004-509. (O.R. 60-61). Petitioner's non-jury trial was held on August 24, 2005, and he Judgment and Sentence was entered on October 26, 2005. On April 3, 2006, he filed a motion for a new trial (O.R. 125- 34), alleging he had newly-discovered evidence that petitioner's stepson E.P. recently had admitted he did not testify truthfully about all the allegations, and that E.P. told the lies to get back at petitioner for disciplining him. The motion also alleged petitioner's trial counsel was ineffective in failing to give correct advise about waiver of a jury trial, and trial counsel had

7

failed file a direct appeal. Trial counsel also was ineffective in failing to call any defense witnesses or to cross-examine the State's detective.

A hearing on the motion for a new trial was held on July 13, 2006. Timothy Haney, petitioner's trial counsel testified he had "extensive conversations" during a number of meetings with petitioner about whether to have a jury or bench trial. (Hearing Tr. 9). Haney believed petitioner understood the difference between, and the ramifications, of each option. *Id*. at 9, 14-15. Haney explained that part of the strategy for waiving a jury trial was that he anticipated being assigned a different judge for a non-jury trial. *Id*. at 9. Based on his experience with juries in child sex abuse trials, Haney also talked with petitioner about a tendency of such juries either to convict and give a maximum sentence, or to acquit. *Id*. at 16. Because of the large number of charges against petitioner, Haney was concerned that the jury would find him guilty, based on the sheer number of allegations, instead of the facts of each charge. *Id*. Ultimately, it was petitioner's decision about whether to have a bench trial or a jury trial. *Id*. at 16-17.

Haney further testified that after petitioner learned who would be the trial judge, and shortly before his trial, petitioner decided he wanted to have a jury trial. *Id*. Haney did not believe it was possible to withdraw the waiver of a jury trial at that point, so no motion to withdraw the waiver was filed. *Id*. at 15-16.

Kimberly Story, petitioner's sister, testified that Haney instructed petitioner that it would be better to have a bench trial. *Id*. at 19, 22. According to Story, Haney advised that if petitioner did not have a bench trial, his minimum sentence would be 20 years. *Id*. at 22. Petitioner wanted to do whatever would keep him out of prison and whatever would show he was not guilty. *Id*. at 22-23. Story further testified that Haney told her that a bench trial would be best, and she relied on Haney's advice. *Id*. at 23. It was thought that a jury trial would be a total win or a total loss, but a bench trial could result in "something of a compromised verdict, instead of an 'all-or-nothing.'" *Id*. at 25. After the trial, Story met with Haney and asked him where the defense was in the trial. *Id*. at 23. Haney replied,

8

"What was there to defend?" *Id*.

Petitioner testified at the hearing that he had conversations with Haney about the benefits of his having a bench trial versus a jury trial. *Id*. 41. Petitioner did not know what to do, and Haney advised him that juries hearing sex crime cases give maximum sentences. *Id*. 41-42. Petitioner told Haney to tell him what to do, and Haney said he believed it would be better to have a bench trial. *Id*. 42. They discussed the issue a few other times, and Haney asked petitioner if he understood. *Id*. Petitioner was frightened and did not want to lose his family, so he followed Haney's advice. *Id*. at 42-43.

Haney expected a certain judge who was "lenient" and "a good guy." *Id*. at 52. When Haney learned a different judge would hear the case, he told petitioner that the assigned judge "was a dick . . . [and] wouldn't do a good job." *Id*. at 43. At that point petitioner wanted a jury trial, but Haney did not inform the court or the prosecutor's office. *Id*. Petitioner testified at the hearing that he did not have a full understanding of his waiver of a jury trial. *Id*. at 44. After the trial, Haney visited petitioner at the county jail and told him, "We probably should have went [sic] to a jury." *Id*. at 47.

The court found that Haney's representation was not ineffective. *Id*. at 62. Five of the 12 counts had been dismissed by the trial court, E.P.'s recantation had been fully explored at trial, and no newly discovered evidence was presented at the hearing. *Id*. The court further found that trial counsel spent time explaining to petitioner what was involved in a jury trial versus a bench trial, and the court went over all petitioner's rights in his written waiver. *Id*. at 62-63. The district court further found the decision to have a bench trial was a matter of trial strategy. *Id*. at 63.

> [Petitioner] "must overcome a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance that might be considered sound trial strategy." *Moore v. Reynolds*, 153 F.3d 1086, 1096 (10th Cir. 1998) (citing *Strickland*, 466 U.S. at 689), *cert. denied*, 526 U.S. 1025 (1999). To establish that counsel's deficient performance was prejudicial, [petitioner] must also show that, but for his counsel's errors, there is a reasonable probability that the outcome of the proceeding would have been different. *See Duvall v. Reynolds*, 139 F.3d 768, 777 (10th Cir.), *cert. denied*,

9

526 U.S. 1025 (1998).

*Hawkins v. Hannigan*, 185 F.3d 1146, 1152 (10th Cir. 1999).

After careful review, the court finds the OCCA's decision on this issue was consistent with federal law, and the determination was not based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d).

***Victim's Recantation***

Petitioner asserts trial counsel failed to secure the written recantation of State's witness E.P., and appellate counsel was ineffective in not raising trial counsel's ineffectiveness on this issue. This claim was presented and denied in his application for post-conviction relief:

> . . . In order to prevail on his claim of ineffective assistance of counsel, Petitioner must establish that counsel made errors so serious the performance was deficient, and that the deficient performance deprived Petitioner of a trial and appeal whose results are reliable and fair. *Strickland*, 466 U.S. at 687. The fact appellate counsel fails to recognize or raise a claim, regardless of merit, is not and cannot alone be sufficient to establish ineffective assistance, or to preclude enforcement of a procedural default. *Id.* We **FIND** Petitioner has not established appellate counsel's performance was deficient, or that the result of his trial and appeal was not reliable and fair.

*Belvin v. State*, No. PC-20009-1008, slip op. at 2 (Okla. Crim. App. Feb. 12, 2010) (emphasis in original).

At trial, E.P. testified on direct examination that he went to petitioner's trial attorney's office a few days before trial and told defense counsel that he had fabricated the acts upon which petitioner's charges were based. (Tr. 81-82). He recanted because he felt guilty and did not want to see petitioner go to jail. *Id.* at 82. He testified at trial, however, that all his trial testimony supporting the charges against petitioner was true. *Id.* On cross-examination E.P. testified that defense counsel did not prepare anything for him to sign, but told him to speak with the district attorney, if he wanted to recant his allegations. *Id.* at 119-20.

The record shows the evidence that E.P. had recanted was presented to the jury, as was his explanation for the recantation. If defense counsel had obtained a written recantation

memorializing E.P.'s recantation, the result would not have been different. It is clear the jury believed E.P.'s testimony about petitioner's criminal acts was the truth, in spite of knowing E.P. had attempted to recant his allegations before trial. Petitioner has failed to show the outcome of his trial would have been different with a written recantation, so he cannot demonstrate that the outcome of his appeal would have been different, if a claim of ineffective counsel regarding the recantation had been raised.

**Ground IV: Excessive Sentences**

In his final claim, petitioner alleges his concurrent life sentences in Count 3, Child Sexual Abuse, and Count 7, Child Sexual Exploitation, are excessive, in violation of the Eighth Amendment. He was denied relief on direct appeal:

> In Appellant's final proposition he claims that his sentences were excessive. Appellant's sentences were within the range of punishment prescribed by statute. Appellant was convicted of several sex crimes committed against children over several years. Two of the sentences were the maximum allowed but all were run concurrently with each other. The sentences do not shock the conscience of the Court and were not excessive.

*Belvin*, No. F-2008-200, slip op. at 4 (citing *Rea v. State*, 34 P.3d 148, 149 n.3 (Okla. Crim. App. 2001).

Issues concerning sentencing are a matter of state law and not cognizable on habeas review. *See Shafer v. Stratton*, 906 F.2d 506, 510 (10th Cir.), *cert. denied*, 498 U.S. 961 (1990). Nonetheless, his life sentences are within statutory limits of punishment for Child Sexual Abuse, Okla. Stat. tit. 10, § 7115 and Child Sexual Exploitation, Okla. Stat. tit. 10, § 7115(G), so they are not regarded as excessive or cruel and unusual. *See United States v. O'Driscoll*, 761 F.2d 589, 599 (10th Cir. 1985) (citations omitted), *cert. denied*, 475 U.S. 1020 (1986). "The imposition of a severe sentence, within legal limits, is not error." *Id*. Ground IV of this habeas petition is meritless.

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from

being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

**DATED** this 13th day of August 2013.

**KIMBERLY E. WEST**
**UNITED STATES MAGISTRATE JUDGE**